IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSE ALFARO,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Case No. **3:24-CV-741-L-BK** |
| | § | |
| **DIRECTOR, TEXAS DEPARTMENT** | § | |
| **OF CRIMINAL JUSTICE,** | § | |
| **CORRECTIONAL INSTITUTION** | § | |
| **DIVISION DIV.,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

On September 19, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10) was entered, recommending that the court dismiss with prejudice this habeas action brought pursuant to 18 U.S.C. § 2254, as barred by the one-year statute of limitations. As herein discussed, the court **accepts** the Report (Doc. 10); **overrules** the objections (Doc. 11) filed by Petitioner to the Report, and **dismisses with prejudice** this action and all claims asserted by Petitioner.

In support of this recommendation, the magistrate judge determined that: (1) Petitioner's assertion regarding actual innocence in light of newly discovered evidence does not support a viable claim because actual innocence is not recognized as a freestanding habeas claim; (2) Petitioner's ineffective assistance of counsel claim is time-barred; (3) Petitioner is not entitled to tolling based on a state-created impediment because his assertions that the state district attorney's office refused to respond to unspecified post-trial discovery requests between June 27, 2022, and February 3, 2023, are conclusory, and he fails to explain in his pleadings how this prevented him from timely filing his federal petition after his conviction became final in 2016; (4) Petitioner is not entitled to tolling based on section

Order – Page 1

2244(d)(1)(D)'s factual predicate clause because, although he asserts that there is newly discovered evidence in the form of text messages with Oswaldo Ramos and a phone conversation between his mother and Daniel Solcerno regarding the murder weapon's mechanical deficiencies, he has not come forward with any evidence from these individuals, and he has not alleged or shown that he exercised diligence in discovering this evidence in the approximate seven years between his statutory deadline and the time he filed his federal petition, as he merely alleges that a proper investigation by his trial attorney could have uncovered the evidence without explaining when he became aware of this evidence or when could have discovered the evidence; and (5) Petitioner's actual innocence claim, which he raises as a gate-way for his time-barred petition, is unavailing because tenable pleas such as this are rare, and his actual innocence claim based on the alleged mechanical issues in the murder weapon does not qualify as the type of strong "new reliable evidence" of innocence required in this Circuit because he concedes this evidence existed before trial, would have supported his defense at trial that the gun accidentally discharged, and could have been discovered by his trial counsel through a reasonable investigation.

On October 2, 2024, Petitioner filed objections (Doc. 11) to the Report. None of his objections, however, overcomes the magistrate judge's findings and conclusions with respect to the law applicable to this case, including binding Fifth Circuit and Supreme Court authority; the facts; the application of law to the facts; or Petitioner's lack of evidence and failure to meet his burden with respect to the various arguments he makes in support of his claims.  For this reason, and because the court finds no error in the magistrate judge's findings and conclusions, it **overrules** Petitioner's objections (Doc. 11).

Having considered Petitioner's habeas petition, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as

those of the court.  Accordingly, the court **dismisses with prejudice** this habeas action and all claims asserted by Petitioner.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. If Petitioner files a notice of appeal, he must pay the appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 13th day of June, 2025.

Sam A. Lindsay
United States District Judge

---

* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2019, reads as follows:

　**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

　**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**